IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA PERRY, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO. 12-3312 |
| | : | |
| OXFORD LAW, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM

YOHN, J.                                                                                               August 29, 2012

Plaintiff, Brenda Perry, brings this action against defendants Oxford Law, LLC ("Oxford") and Cuzco Capital Investment Management, LLC ("Cuzco") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Before me is Cuzco's motion to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons I state below, I will grant Cuzco's motion and dismiss Perry's claims against it without prejudice because the complaint currently contains insufficient factual allegations to state a claim against Cuzco under the FDCPA.

**I.        Factual and Procedural Background**

Perry, a resident of Pennsylvania, alleges that in March 2012, Oxford contacted her multiple times in an attempt to collect an outstanding debt. (Compl. ¶ 6.) Specifically, she claims that on March 15, 2012, Oxford called her cell phone and left a voice-mail message. In the message, the caller identified himself as Austin Graham, left his phone number and extension, and requested that Perry call him back regarding "a very important business matter." (*Id.* ¶ 7.) On March 21, 2012, Oxford again allegedly called Perry's cell phone and left a message. The caller

identified himself as Austin Graham, left the same number and extension, and requested that Perry call back regarding "account number 5999313." (*Id.* ¶ 8.)

Finally, on March 27, 2012, Oxford allegedly sent Perry a letter regarding her credit card account with Chase Bank USA. (*Id.* ¶ 9.) This account appears to be the same account that was mentioned in the second phone call.[1] (*Id.*) Perry states that, around this time, the account was purchased by Cuzco—she does not mention when this happened in relation to the other events, nor does she state how she learned this information. (*Id.*) The letter stated that Oxford represented Cuzco, and that Cuzco demanded full payment on Perry's debt. (*Id.*) It also provided that, should Perry dispute the debt in writing, Oxford will obtain and provide verification of the validity of the debt. (*Id.*)

Perry wrote a letter to Oxford in response. She asked Oxford to refrain from contacting her without first providing the following: 1) proof that Oxford owned the debt or was authorized to collect on behalf of Cuzco; 2) proof that the debt was actually incurred by Perry with regard to the original creditor, Chase Bank; 3) proof of any judgment against Perry; and 4) proof that Oxford was licensed to collect debts in Maryland. *(Id.* ¶ 10.)

On June 12, 2012, Perry filed the instant action, claiming three violations of the FDCPA. First, in violation of section 1692e(11), Oxford failed to notify her during its first phone call that the communication was an attempt to collect a debt, and that any information obtained would be used for that purpose. (*Id.* ¶ 11.) Second, in violation of section 1692e(11), Oxford failed to notify her in each communication that the communication was from a debt collector. (*Id.*) Third,

---

[1] Paragraph 8 of the complaint lists the account number as 5999313, while paragraph 9 lists it as 5599313. I assume this is simply a typographical error, because Perry does not expressly state that two accounts are at issue.

in violation of section 1692d(6), Oxford failed "to disclose [its] true corporate or business name in a telephone call to" Perry. (*Id.*) She named Cuzco and Oxford as defendants in a single count of "[v]iolation of the [FDCPA]."

On July 25, 2012, Cuzco—through its attorney, Oxford—filed the motion to dismiss currently under consideration. It alleged three defects in the complaint warranting dismissal of the claims against it under Rule 12(b)(6). First, Cuzco has not been properly identified as a "debt collector" under the FDCPA. (Cuzco's Mot. to Dismiss Pl.'s Compl. Under F.R.C.P. 12(b)(6) ("Mot. to Dimiss") ¶ 5.) Second, "Cuzco's actions have never been specifically implicated as being in violation of the provisions of the FDCPA listed in [Perry's] complaint." (*Id.* ¶ 6.) Third, the complaint does not contain factual allegations "sufficient . . . to raise a right to relief above the speculative level against either defendant" and is insufficiently specific to pass muster under the requirements of federal law. (*Id.* ¶¶ 8,9.) I will address Cuzco's contentions in turn.

**II.     Discussion**

In deciding a motion to dismiss under Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must contain sufficient factual matter to be plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged"; a sheer possibility that a defendant acted unlawfully is not sufficient. *Id.*

        1.        **Failure to Identify Cuzco as a "Debt Collector" Under the FDCPA.**

Cuzco argues that the complaint does not identify it as a debt collector, as required for liability under the FDCPA. *See* 15 U.S.C. § 1692k(a) ("any *debt collector* who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . .") (emphasis added). It points to paragraph 5 of the complaint:

> At all relevant time herein, [Cuzco] was a company engaged, by the use of the mails and telephone, in the business of collecting a debt from Plaintiff. Defendant LRL [sic] regularly attempts to collect debts alleged to be due another, and therefore is a 'debt collector' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

(Compl. ¶ 5.) In this part of its argument, Cuzco appears to be relying solely on Perry's mention of "LRL"—"inexplicably, Plaintiff alleges that an entity it labels as 'Defendant LRL' is a debt collector . . . ." (Mot. to Dismiss ¶ 4.)[2]

The mention of "LRL" is clearly a typographical error. Perry represents as much in her response to Cuzco's motion to dismiss: "the reference to 'LRL' in paragraph 5 of the Complaint is a typographical error." (Pl.'s Resp. in Opp'n to Cuzco's Mot. to Dismiss ("Pl.'s Resp.") at 10 n.1.) Furthermore, I must "construe the complaint in the light most favorable" to Perry. These factors justify overlooking Perry's mistake. *See Prophete v. Blackstone Grp.*, No. 11-7425, 2012 WL 1565397, at *2 n.1 (D.N.J. May 2, 2012) (correcting obvious typographical error); *In re Johnson & Johnson Derivative Litig.*, No. 10-2033, 2011 WL 4526040, at *20 n.16 (D.N.J. Sept. 29, 2011) ("reading the Complaint in the light most favorable to the Plaintiffs, the Court reads

---

[2] Any contention that Perry has pleaded insufficient facts to establish Cuzco's status as a "debt collector" is part of Cuzco's third argument and is addressed below.

Plaintiffs' reference . . . as a typographical error"); *Di Fillipo v. Southland Corp.*, No. 94-2650, 1994 WL 273310, at *1 (E.D. Pa. June 21, 1994) ("Based on the plaintiff's representation, the court finds that the complaint's addendum clause contains a typographical error.") I therefore construe the complaint as alleging that Cuzco, not LRL, is a debt collector.

### 2. Cuzco's Actions Are Not Implicated in the Violations of the FDCPA

It is not entirely clear what Cuzco is arguing when it states that "Cuzco's actions have never been specifically implicated as being in violation of the provisions of the FDCPA listed in [Perry's] complaint." (Mot. to Dismiss ¶ 6.) Plaintiff construes this to be an argument that the complaint only alleges illicit conduct by Oxford, and that Cuzco cannot be held liable based solely on the acts of its attorney. (Pl.'s Resp. at 6-8.) If this is Cuzco's argument (and I believe it is), then the argument is without merit.

The Third Circuit recognizes that "an entity which itself meets the definition of 'debt collector' may be held vicariously liable for unlawful collection activities carried out by another on its behalf." *Pollice v. Nat'l Tax Funding, LLP.*, 225 F.3d 379, 404 (3d Cir. 2000). While *Pollice* did not deal with an attorney-client situation, it quoted with approval other decisions that did. *See id.* ("[F]ederal courts that have considered the issue have held that the client of an attorney who is a 'debt collector,' as defined in § 1692a(6), is vicariously liable for the attorney's misconduct if the client is itself a debt collector as defined in the statute." (quoting *First Interstate Bank of Fort Collins v. Soucie*, 924 P.2d 1200, 1202 (Colo. Ct . App. 1996))); *id.* (citing *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994)).

Nothing in *Pollice*'s reasoning indicates that the attorney-client situation should fall outside the general rule. Rather, the operative fact is whether the "principal" entity is itself a

"debt collector," because "an entity that is itself a 'debt collector'—and hence subject to the FDCPA—should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf." *Pollice*, 225 F.3d at 405. Here, Perry alleges that both Cuzco and Oxford are debt collectors.[3] Because Cuzco can be held vicariously liable for Oxford's conduct, it is irrelevant whether Cuzco's actions themselves have been "specifically implicated as being in violation of the FDCPA."

### 3. The Complaint Lacks the Specificity Required by Federal Law

Cuzco's last argument is an overarching claim that the complaint lacks sufficient factual allegations to pass muster under *Iqbal* and *Twombly*. "To determine the sufficiency of a complaint under the pleading regime established by those cases, a court must take three steps: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (internal quotation marks and citations omitted).

To state a claim under the FDCPA, a plaintiff must establish that "(1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision

---

[3] Again, any argument that Perry fails to plead Cuzco's debt-collector status with sufficient factual specificity is discussed in the next section.

of the FDCPA." *Berk v. J.P. Morgan Chase Bank, N.A.*, No. 11-2715, 2011 WL 4467746, at *3 (E.D. Pa. Sept. 26, 2011) (citing 15 U.S.C.§§ 1692a-1692o).

Perry's complaint conclusorily asserts that "[plaintiff] . . . is a natural person residing in the state of Pennsylvania, and is a 'consumer' as defined by the FDCPA" (Compl. ¶ 3); that Oxford "was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a 'debt,' as defined by 15 U.S.C. § 1692a(5)" (*id.* ¶ 4); that Oxford "regularly attempts to collect debts alleged to be due another, and therefore is a 'debt collector' as defined by the FDCPA" (*id.*); that Cuzco "was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff" (*id.* ¶ 5); and that Cuzco "regularly attempts to collect debts alleged to be due another, and therefore is a 'debt collector' as defined by the FDCPA" (*id.*). These allegations merely parrot the applicable statutory language and are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 678 ("a formulaic recitation of the elements of a cause of action will not do") (quoting *Twombly*, 550 U.S. at 557).

There are no "well-pleaded" factual allegations elsewhere in the complaint that bolster Perry's assertion that she is a "consumer" under the FDCPA or that the obligation at issue qualifies as a "debt" under the FDCPA. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). It defines "consumer" as "any natural person obligated or allegedly obligated to pay any *debt*." *Id.* § 1692a(3) (emphasis added). While Perry states she is a natural person (Compl. ¶ 3), she does not state that her obligation arose out of a transaction involving personal, family, or

7

household purposes, as is required to satisfy the definition of "debt" and—through that—"consumer." I have no basis for speculating that the obligation incurred on the credit card account arose out of such a transaction. This by itself is sufficient grounds to grant Cuzco's motion to dismiss, because Perry has failed to sufficiently plead elements one and two of a claim under the FDCPA. *See Nieves v. Apex Fin. Mgmt., LLC*, No. 11-6525, 2012 WL 78261, at *2 (D.N.J. Jan. 9, 2012) ("merely reciting that a debt falls within the definition of the statute without more is insufficient to meet the Rule 8(a) pleading standard").

     Perry's complaint is deficient in another regard. Section 1692a(6) defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." However, section 1692a(6)(F) expressly excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."  Perry provides some factual content to support her claim that Oxford and Cuzco are "debt collectors"—namely, her allegations that Oxford called and wrote her in an attempt to collect the credit card obligation. *See Beckworth v. Law Office of Thomas Landis, LLC*, No. 11-7277, 2012 WL 1361671, at *3 (E.D. Pa. April 18, 2012) (finding complaint sufficient where it contained allegations that the defendants had "contact[ed] [p]laintiff and her mother in attempts to collect an alleged outstanding debt"). But given the exception in section 1692(a)(6)(F), I must grant Cuzco's motion because Perry has failed to allege, nor given me any reason to infer, that the

debt[4] was in default at the time Cuzco obtained it. *See Chulsky v. Hudson Law Offices, P.C.*, 777 F. Supp. 2d 823, 830 n.5 (D.N.J. 2011) (citing *Pollice*, 225 F.3d at 404) (noting requirement that debt be in default and searching complaint for facts that demonstrate the debt was in default); *DeFazio v. Leading Edge Recovery Solutions, LLC*, No. 10-2945, 2010 WL 5146765, at *3 (D.N.J. Dec. 13, 2010) (dismissing plaintiff's claim where it failed to state whether alleged debt was in default when obtained by defendant); *Siwulec v. Chase Home Fin., LLC*, No. 10-1875, 2010 WL 5071353, at *5 (D.N.J. Dec. 7, 2010) (dismissing complaint for same reason and citing other similar decisions). Thus, Perry's complaint contains insufficient factual allegations to establish the third element of a claim under the FDCPA—namely, that Cuzco is a "debt collector."

    **4.**     **Request for Leave to Amend**

Perry requests an opportunity to amend her complaint in the event I grant Cuzco's motion. (Pl.'s Resp. at 12.) I must grant leave to amend in this situation, provided that amendment would not be inequitable or futile. *See Phillips*, 515 F.3d at 245. Perry has 30 days in which to file an amended complaint stating the requisite facts if she can do so in good faith.

**III.**     **Conclusion**

For the reasons discussed above, Perry's claims against Cuzco are dismissed without prejudice. Perry may file an amended complaint within 30 days. An appropriate order follows.

---

[4] This is, of course, assuming that the obligation at issue does constitute a debt under section 1692a(5).