Cynthia Z. Levin, Esq. (PA 27050)
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumer.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRENDA PERRY,** | ) Case No. 2:12-cv-03312-WY |
| | ) |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT** |
| | ) **FOR VIOLATION OF THE** |
| vs. | ) **FEDERAL FAIR DEBT** |
| | ) **COLLECTION PRACTICES ACT** |
| **OXFORD LAW, LLC;** | ) |
| Defendants | ) |
| | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.   Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3.  Plaintiff, Brenda Perry ("Plaintiff"), is a natural person residing in the state of Pennsylvania, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

4.  At all relevant times herein, Defendant Oxford Law, LLC Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

5.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.  On or about March 15, 2012, at approximately 2:31 p.m., Defendant called Plaintiff's cellular phone at (301)326-3650 and left her a voice message, asking her to call Defendant Oxford back at (877)543-6151 ext 187; the caller identified himself as Austin Graham and asked Plaintiff to call him regarding "a very important business matter."

7.  On or about March 21, 2012, at approximately 5:14 p.m., Defendant called Plaintiff's cellular phone and left her a voice message, asking her to call Defendant at (877)543-6151 ext 187 regarding account number 5999313. The caller identified himself as Austin Graham.

8.  On or about March 27, 2012, Defendant sent Plaintiff a letter regarding Plaintiff's credit card account with Chase Bank USA; the account in question, number 5599313. In the letter, Defendant stated, in relevant part:

> This office represents the above-named client, CUZCO CAPITAL, who has placed the above-styled matter for collection. This is a demand for full payment because you have had ample time to pay our debt. Sometimes we can arrange installment payments but you must contact this office for arrangements. At this time, no attorney with this firm has personally reviewed the particular circumstances on your account.

Further, this letter went on to generally inform Plaintiff that if she submits a written dispute as to the validity of the debt, Defendant will obtain and provide Plaintiff documentation evidencing the validity of the debt.

9.  In response to Defendant's March 27, 2012 letter, Plaintiff wrote a letter to Defendant, asking Defendant to refrain from contacting her without <u>first</u> sending her the following information: 1) proof that Defendant owns the debt or was authorized to collect the debt; 2) that the debt was actually incurred by Plaintiff with regards to the original creditor, Chase Bank; 3) proof of the

judgment against Plaintiff; and 4) proof that Defendant is licensed to collect debts in Maryland. Plaintiff also requested Defendant to forward her letter to the original creditor if Defendant was in fact not authorized to collect on the debt.

10. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11));

b) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11));

c) Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff (§1692d(6)).

11. As a result of the above violations of the FDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   Declaratory judgment that Defendant's conduct violated the FDCPA;

B.   Actual damages;

C.   Statutory damages;

D.   Costs and reasonable attorney's fees; and,

E.   For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 25th day of September, 2012.

By: _____
Cynthia Z. Levin, Esq. (PA 27050)
**Law Offices of Todd M. Friedman, P.C.**
**1150 First Avenue, Suite 501**
**King of Prussia, PA 19406**
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumer.com
Attorney for Plaintiff